# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MARIA VALADEZ,

    Petitioner,

vs.                                        Case No. 4:12cv472-MP/CAS

WARDEN FLOURNEY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this § 2241 habeas petition on September 17, 2012. Doc. 2. Petitioner paid the filing fee at the time of case initiation. Doc. 1.

    Petitioner is currently in federal custody and is incarcerated at the Federal Correctional Institution in Tallahassee, Florida. Doc. 2 at 1. Petitioner is not challenging her conviction, but states that she "has been asked to sign papers so that she may be automatically deported." *Id.* at 6. Petitioner alleges that "if she is deported her life will be in danger." *Id.* Petitioner acknowledges that immigration officials have discretion in determining which criminals should be removed from the United States. *Id.* at 9. She states, however, that she faces three years of supervised release once she

has served her term of incarceration and contends that probation officials can adequately supervise her. *Id.* at 10. As relief, Petitioner states:

> If this Honorable Court does not see the urgency in keeping [Petitioner] in the United States under supervision once she is released from incarceration then [Petitioner] requests that the forms for seeking asylum be immediately sent to her and/or an immigration attorney be appointed to represent her.

*Id.*

Petitioner is not challenging a period of detention prior to removal under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), but is attempting to challenge removal even before an order of removal has been entered. This Court lacks jurisdiction to entertain such a petition. Pursuant to 8 U.S.C. § 1252(b)(9), "[j]udicial review of all questions of law and fact . . . shall be available only in judicial review of a final order under this section." As there is not yet a "final order," this petition has been brought prematurely. Furthermore, § 1252(d)(1) requires that before a court may review a final order,[1] the alien must "have exhausted all administrative remedies available to the alien as of right." *See* Taylor v. United States, 396 F.3d 1322, 1327 (11th Cir. 2005). Because Petitioner has not yet begun the removal process, this petition for habeas relief is premature and must be dismissed.

---

[1] Petitioner is advised that The REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005), strips district courts of habeas corpus jurisdiction over orders of removal. Pursuant to 8 U.S.C. § 1252(a)(2)(c), exclusive review is vested in the Court of Appeals. *See* Balogun v. United States Atty. Gen., 425 F.3d 1356, 1359-60 (11th Cir. 2005); Jean-Pierre v. United States Atty. Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (stating "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals"), citing 8 U.S.C. § 1252(a)(5). Thus, if Petitioner seeks review at a later date of a final order of removal, her avenue of redress is to petition the appropriate court of appeal. 8 U.S.C. § 1252(a)(5); *see* Tang v. U.S. Atty. Gen., 578 F.3d 1270 (11th Cir. 2009) (reviewing the dismissal of petitioner's application for asylum, withholding of removal, and relief under CAT).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, doc. 2, be **DISMISSED** because this Court lacks jurisdiction and the petition was prematurely filed.[2]

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2012.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] Petitioner is also advised that this Court is unable to provide her with forms for applying for asylum or withholding removal. Petitioner should request the forms from the Department of Homeland Security, U.S. Citizenship and Immigration Services.